**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JORGE ALBERTO CHAVEZ,  :
                       :
        Petitioner,    :  Civil No. 12-7676 (RMB)
                       :
    v.                 :  **OPINION**
                       :
JORDAN R. HOLLINGSWORTH, :
                       :
        Respondent.    :

**APPEARANCES:**

**JORGE ALBERTO CHAVEZ**, Petitioner pro se
#51047-018
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**DAVID VINCENT BOBER**, Counsel for Respondent
Office of the U.S. Attorney
District of New Jersey
402 East State Street
Room 430
Trenton, N.J. 08608

**BUMB, District Judge**:

Jorge Alberto Chavez, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in the United States District Court for the Middle District of Florida. Having thoroughly reviewed all papers filed

by Petitioner and the answer from Respondent, this Court will dismiss the Petition for lack of jurisdiction.

**I. BACKGROUND**

On July 21, 2009, Petitioner signed an agreement in which he pled guilty to conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii), 46 U.S.C. § 70503(a)(1), and 46 U.S.C. §§ 70506(a) & (b) (the "MDLEA"). *United States v. Alvarez, et al.*, 09-CR-289 (M.D. Fl. 2009). On November 3, 2009, the Middle District of Florida sentenced Petitioner to 108 months in prison. *Id.* In his plea agreement, Petitioner admitted that he was apprehended approximately 43 miles southeast of the Gulf of Fonseca, Honduras" in the "eastern Pacific Ocean," and that he was aboard a vessel that was subject to the jurisdiction of the United States. *Id.* Moreover, in his petition, Petitioner states that he was apprehended approximately 46 miles from the coast of Nicaragua. (Pet'r's' Mem. 3.)

Petitioner is now incarcerated at FCI Fort Dix in New Jersey and signed his § 2241 Petition on December 9, 2012. He brings this case stating two grounds for relief: "New Circuit law from same District Court (11th Cir) (vi and vii) court had no jurisdiction" and "Illegal Incarceration – Court had no jurisdiction to impose a prison sentence." (Pet. 6.) In his memorandum, Petitioner argues that

2

pursuant to *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (Pet'r's Mem. 1.) In a supplement to his petition, Petitioner argues that it was a violation of his due process rights for the Government to rely on the "Maritime Drug Law Enforcement Manual" when they fired "live 50 cal. bullets into a vessel to disable the vessel." (ECF No. 9.) In the answer, Respondent argues that Petitioner was apprehended in international waters and therefore the holding in *Bellaizac-Hurtado* does not apply to him and this Court lacks jurisdiction under § 2241. (ECF No. 6.)

**II. DISCUSSION**

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Davis v. United States*, 417 U.S. 333 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or

ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e);[1] *see Cradle v. U.S. ex rel. Miner*, 290 F.3d 536 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Millan-Diaz v. Parker*, 444 F.2d 95 (3d Cir. 1971); *Application of Galante*, 437 F.2d 1164 (3d Cir. 1971) (per curiam); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d at 251). For example, in

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Swain v. Pressley*, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

*Dorsainvil*, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in *Bailey v. United States*, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued *Bailey* after Dorsainvil's § 2255 motion was denied on the merits and the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2] *See Dorsainvil*, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit deemed non-criminal in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), after his conviction became final. In *Bellaizac-Hurtado*, the Eleventh Circuit reversed convictions under the MDLEA on direct appeal on the

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2).

ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[3]  *Id*. at 1249.  But the holding of *Bellaizac-Hurtado* does not make Petitioner's conduct non-criminal because Petitioner asserts that he was convicted of drug trafficking 46 miles from Nicaragua, which puts him in international waters, not the territorial waters of another nation.[4]  In addition, unlike Dorsainvil, Petitioner did not seek to raise his *Bellaizac-Hurtado* challenge in a § 2255 motion brought in the Middle District of Florida.  Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Petitioner' claim and will dismiss the § 2241 Petition for lack of jurisdiction.

---

[3] The United States argued that the MDLEA, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations."  U.S. Const., Art. I, §8, cl.10.  *See Bellaizac-Hurtado*, 700 F.3d at 1248.

[4] Territorial waters are the coastal waters extending seaward at most four leagues (12 nautical miles) from the baseline of a nation.  *See Landaverde v. Hollingsworth*, Civ. No. 12-7777 (JBS), 2013 WL 2251774, *3 n.4 (D.N.J. May 22, 2013); *see also Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles").

**III. CONCLUSION**

The Court dismisses the Petition for lack of jurisdiction.  An appropriate order follows.

**s/Renée Marie Bumb**  
RENÉE MARIE BUMB,  
United States District Judge

Dated: June 27, 2013